ATTORNEY GENERAL HENRY HAS RECEIVED YOUR RECENT LETTER ASKING FOR AN OFFICIAL OPINION CONCERNING THE APPLICABILITY OF THE TRAVEL REIMBURSEMENT ACT TO A PARTICULAR FACT PATTERN. HE HAS ASKED ME TO REVIEW YOUR CONCERNS AND RESPOND TO YOU ON HIS BEHALF.
I NOTE THAT THE MAJORITY OF YOUR LETTER IS DIRECTED TOWARD THE REQUEST RECENTLY ISSUED BY THE OFFICE OF PUBLIC AFFAIRS THAT STATE EMPLOYEES NOT PERMIT NON-STATE EMPLOYEES TO RIDE WITH THEM IN THEIR PERSONAL VEHICLES, WHILE THE EMPLOYEE IS ENGAGED IN STATE BUSINESS. YOU DISAGREE WITH THE PHILOSOPHY BEHIND THIS REQUEST AND INDICATE THAT YOU CONSIDER THAT THIS PRACTICE ON OCCASION "WOULD NOT ONLY BE COST EFFECTIVE BUT ALSO ENHANCE OUR LIMITED STAFF'S PRODUCTIVITY. N AFTER HAVING OUTLINED YOUR FEELINGS IN THIS AREA, YOU THEN SHIFT THE DIRECTION OF YOUR LETTER TO A FACT SPECIFIC QUESTION CONCERNING HOW YOU SHOULD DEAL WITH A TRAVEL REIMBURSEMENT CLAIM TENDERED OUT OF A PRESUMED SITUATION.
THE ATTORNEY GENERAL IS ONLY PERMITTED TO ISSUE OFFICIAL OPINIONS REGARDING QUESTIONS THAT DO NOT DEPEND UPON THE RESOLUTION OF A PARTICULAR FACTUAL SITUATION TO ARRIVE AT AN ANSWER. GIVEN THE NATURE OF YOUR QUESTIONS, IT IS IMPOSSIBLE NOT TO ANSWER YOUR LETTER WITHOUT VIOLATING THIS RESTRICTION. ADDITIONALLY, THIS OFFICE FOR SOME TIME NOW HAS HAD A POLICY OF NOT RESPONDING TO OPINION REQUESTS FROM AGENCIES WHICH HAVE INTERNAL LEGAL COUNSEL UNLESS THE REQUEST IS ACCOMPANIED BY A LEGAL BRIEF FROM THAT ATTORNEY REGARDING THE MATTER, AND INCLUDING THAT ATTORNEY'S LEGAL OPINION AS TO THE CORRECT ANSWER TO THE QUESTIONS POSED. THIS POLICY WAS IMPLEMENTED TO ASSURE THIS OFFICE THAT IT IS CORRECTLY PERCEIVING THE NATURE OF THE QUESTIONS AND LEGAL ISSUES BEING PRESENTED.
ACCORDINGLY, THIS OFFICE CANNOT RESPOND TO YOUR LETTER IN THE FORM OF AN OFFICIAL OPINION. HOWEVER, THE FOLLOWING PERSONAL COMMENTS ARE OFFERED FOR YOUR INFORMATION.
YOU CORRECTLY PERCEIVE THAT THE ADVICE GIVEN IN ATTORNEY GENERAL OPINION NO. 88-013 DOES NOT ADDRESS THE ISSUES RAISED DIRECTLY IN THE MEMORANDUM TRANSMITTED BY THE OFFICE OF PUBLIC AFFAIRS. THIS OFFICE HAS CONSIDERED THE ADVICE RENDERED IN OPINION NO. 88-013 TO BE THE STATUS OF THE LAW IN THIS AREA FROM THE INCEPTION OF THE STATE'S COVERAGE UNDER THE GOVERNMENTAL TORT CLAIMS ACT. THE OPINION MERELY FORMALIZED THAT PREEXISTING STANCE. INDIVIDUALS TRAVELING WITH A STATE EMPLOYEE IN THE PERSONAL VEHICLE OF THE EMPLOYEE WHO ARE INJURED IN AN AUTOMOBILE ACCIDENT CAUSED BY THE STATE EMPLOYEE WHILE THAT PERSON IS ENGAGED IN STATE BUSINESS QUITE LIKELY COULD SUE THE STATE FOR ANY INJURIES SUFFERED BY THEM RESULTING FROM THE LIABILITY OF THE EMPLOYEE. I SEE NO REASON WHY FAMILY MEMBERS WOULD NOT BE INCLUDED IN THAT CLASS OF PERSONS.
THERE ARE VERY LEGITIMATE PUBLIC POLICY REASONS BEHIND THE CONCERN RAISED BY THE OFFICE OF PUBLIC AFFAIRS AS TO THIS PROBLEM. HOWEVER, AS I UNDERSTAND THAT MEMORANDUM, IT IS ADVISORY IN NATURE AND MERELY SUGGESTS THAT AGENCIES NOT PERMIT THE SORT OF ACTIVITIES IN QUESTION. UNTIL AND UNLESS THERE IS AN ESTABLISHED FORMAL POLICY PROHIBITING SUCH TRANSPORT, AND UNTIL THAT POLICY IS MADE KNOWN TO THE STATES' EMPLOYEES, AND UNLESS THAT POLICY IS FAIRLY SCRUPULOUSLY ENFORCED, IT WOULD BE VERY DIFFICULT FOR THIS OFFICE TO DENY COVERAGE OF THE ACT TO SUCH A SITUATION.
AS TO THE SPECIFIC QUESTIONS YOU RAISE, THEY ARE ALL QUESTIONS OF FACT THAT ARE NOT ANSWERABLE IN THE ABSTRACT WITHOUT A FULL SET OF FACTS TO CONSIDER. CERTAINLY, INTERNAL AGENCY POLICY WOULD HAVE SOME IMPACT ON THE ULTIMATE ANSWERS.
(MICHAEL SCOTT FERN)